

**UNITED STATES GOVERNMENT**
# NATIONAL LABOR RELATIONS BOARD
OFFICE OF THE GENERAL COUNSEL
Washington, D.C. 20570

September 23, 2005



Re: Republic Engineered Products, LLC
Case No. 8-CA-35807-1

United Steelworkers of America, Local 1104
(Republic Engineered Products, LLC)
Case No. 8-CB-10346-1

Mr. Phillip Oliver
332 Brace Avenue
Elyria, OH 44035

Dear Mr. Oliver:

Your appeal has been carefully considered. The appeal is denied. The investigation revealed that you were aware as early as October 2003 that you were no longer listed as a group leader and that you ceased performing those functions by February 2004. In October 2004 you informed the Union and filed a grievance concerning the cessation of the group leader duties. The Employer took the position that per the collective bargaining agreement it had the right to eliminate that position and that your grievance was untimely. No probative evidence was presented or obtained in the course of the investigation to demonstrate that the Employer eliminated the group leader position in retaliation toward you for any protected concerted activity on your part or for any other reason proscribed by the Act. Thus, it was determined that the burden could not be met of establishing that the Employer violated the National Labor Relations Act, as alleged.

With respect to your allegations that the Union failed and refused to properly represent you regarding your Civil Rights complaint concerning harassment and overtime, the evidence disclosed that the Union investigated the matter and decided in good faith, after an analysis of the evidence it obtained, not to pursue your grievance further. There was insufficient evidence presented that the Union relied on unlawful considerations in making this determination. In this regard, a union is not obligated to pursue a grievance which it believes in good faith is without merit; nor does a grievant have an absolute right to have his or her grievance processed through to arbitration. The United States Supreme Court has held that a union has wide latitude in its processing of grievances on behalf of members and that a union which has a good faith belief that a case does not merit arbitration does not violate its duty of fair representation. See, for example, *Vaca v. Sipes*, 386 U.S. 171 (1967). Moreover, it has been consistently recognized that a union must have discretion to determine when a grievance is worthy of further pursuit and that

Case No. 8-CA-35807-1, et al.                                                    -2

mere negligence or errors of judgment on the part of a union does not constitute a breach of that union's duty of fair representation. Consequently, the burden could not be met of establishing that the Union failed in its duty to fairly represent you in violation of the National Labor Relations Act, as alleged. Accordingly, in view of the above, further proceedings in these matters were unwarranted.

Sincerely,

Arthur F. Rosenfeld
Acting General Counsel

By _____
Yvonne J. Dixon, Director
Office of Appeals

cc: Director, Region 8

Mr. R. E. Messner
Republic Engineered Products, LLC
1807 East 28th Street
Lorain, OH 44052

Mr. Pat Gallagher
United Steelworkers of America,
 AFL-CIO, CLC
District 1/Sub-District 1
25111 Miles Road, Suite H
Warrensville Heights, OH 44128

Mr. Don Brown
United Steelworkers of America, Local 1104
2502 Broadway
Lorain, OH 44052

wp