**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PHILLIP OLIVER,** | ) | **CASE NO. 1:05 CV 1558** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **PATRICK GALLAGHER, et al.,** | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is the Motion to Dismiss filed by Defendants Patrick Gallagher, Dash Sokol, Dan Vorhees, Don Brown and Judy Balogh (collectively, "Defendants"). **(ECF No. 6).** For the reasons that follow, the Motion is **GRANTED** and the case is hereby dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I**.

*Pro se* Plaintiff Phillip Oliver is an employee of Republic Engineered Products ("REP") and a member of United Steelworkers of America, Local 1104 ("USW"). *ECF No. 3,*

*Amendment and Supplement to Complaint,* ("Am. Compl."), at 2-3.[1] In the instant action, Plaintiff alleges that Defendants – individual USW officials – failed to appropriately pursue his requests to file employment-related grievances against REP and essentially failed to adequately represent him during the grievance process.

Before commencing a civil action in this Court, Plaintiff brought charges against REP and USW before two administrative agencies. In February 2005, Plaintiff filed a charge against USW with the Equal Employment Opportunity Commission ("EEOC") claiming that USW denied him adequate representation in the grievance process based on his race in violation of Title VII of the Civil Rights Act of 1964.[2] *ECF No. 1, Exh. 1,* at 2 ("EEOC Charge"). The EEOC issued a right to sue letter, indicating that it was unable to conclude that there were any violations of Title VII or the Age Discrimination in Employment Act of 1967.[3] *Id.* at 7.

At the same time, Plaintiff filed an unfair labor practices charge against USW with the National Labor Relations Board ("NLRB") claiming, among other things, that USW failed to process a work-related grievance. *ECF No. 6, Exh. D, NLRB Charge of February 2, 2005,*

---

[1] After filing his complaint, Plaintiff filed an "Amendment and Supplement" to the complaint. Given that all the parties refer to this filing as an amended complaint, the Court construes the "Amendment and Supplement" as an amended complaint and will refer to it as such. *See ECF No. 9, Plaintiff's Opposition to Motion to Dismiss,* at 3 (referring to supplement as "amended complaint"); *ECF No. 6, Attach. 1, Mem. Supp. Mot. Dismiss,* at 3 (same).

All facts are taken from the amended complaint and the exhibits attached to the parties' pleadings. For purposes of the motion to dismiss, these facts are recounted in a light most favorable to Plaintiff and are accepted as true. *Midkiff v. Adams County Reg'l Water Dist.,* 409 F.3d 758, 762 (6th Cir. 2005).

[2] It appears that Plaintiff filed another EEOC charge. Attached to the complaint is a letter from the EEOC acknowledging receipt of *two* charges – including a charge against REP. *ECF No. 1, Exh. 1,* at 4. The REP charge, however, was not attached to any of the pleadings.

[3] The right to sue letter attached to the complaint appears to pertain only to the charge against USW. Any separate right to sue letter that might have been issued with respect to REP is not in the record.

("First NLRB Charge"), at 1.  On March 8, 2005, the Regional Director of the NLRB notified Plaintiff that his charge was dismissed for the following reasons:

> The investigation disclosed that in July 2003 the Employer removed you from your group leader position, but you did not consult the Union about filing a grievance over the matter until August 2004.  While the Union filed a grievance on your behalf it later withdrew the grievance on the basis that the dispute was untimely.  Further, you allege that on two other occasions the Union failed to file and process grievances on your behalf.  However, the investigation did not uncover any evidence that the Union's refusal to file and process these grievances was based upon any improper or discriminatory considerations.  Rather, it appears from the evidence that the Union did not process grievances on your behalf, because, based upon its inquiry into the facts, it concluded your complaints laced [sic] merit.

*ECF No. 6, Exh. E, NLRB Decision of March 8, 2005,* ("March 8, 2005 NLRB Decision"), at 1. Plaintiff's subsequent appeal was denied "for the reasons set forth in the [March 8 letter]."  *ECF No. 6, Exh. F, NLRB Office of Appeals Letter of Apr. 7, 2005*, at 2.

In May 2005, Plaintiff again filed unfair labor practices charges with the NLRB, this time against both USW and REP.[4]  *ECF No. 1, Exh. 1,* at 5-6 ("Second NLRB Charge"). The NLRB dismissed the charges on the grounds that there was insufficient evidence of a violation of the National Labor Relations Act.  *ECF No. 6, Exh. A*, *NLRB Decision of June 30, 2005*, at 1.  In a detailed letter, the NLRB Office of Appeals explained its decision denying Plaintiff's appeal.  *ECF No. 6, Exh. C, NLRB Office of Appeals Letter of Sept. 23, 2005,* at 1. With respect to the charge against USW, the Office of Appeals concluded that USW did not breach its duty of fair representation:

---

[4]Apparently, the February 2005 NLRB charge was filed with Region 10 of the NLRB, while the May 2005 charge was filed with Region 8.

> With respect to your allegations that the Union failed and refused to properly represent you regarding your Civil Rights complaint concerning harassment and overtime, the evidence disclosed that the Union investigated the matter and decided in good faith, after an analysis of the evidence it obtained, not to pursue your grievance further. There was insufficient evidence presented that the Union relied on unlawful considerations in making this determination. In this regard, a union is not obligated to pursue a grievance which it believes in good faith is without merit; nor does a grievant have an absolute right to have his or her grievance processed through to arbitration. The United States Supreme Court has held that a union has wide latitude in its processing of grievances on behalf of members and that a union which has a good faith belief that a case does not merit arbitration does not violate its duty of fair representation. See, for example, *Vaca v. Sipes,* 386 U.S. 171 (1967). Moreover, it has been consistently recognized that a union must have discretion to determine when a grievance is worthy of further pursuit and that mere negligence or errors of judgment on the part of a union does not constitute a breach of that union's duty of fair representation.

*Id*. at 1. Before the NLRB issued its decision in the May, 2005 charge, Plaintiff commenced an action in this Court against individual USW officials for breach of the duty of fair representation. Plaintiff also lists various federal causes of action in his amended complaint, including violations of the First and Fourteenth Amendments, and Article I, Section 10, Clause 1 of the U.S. Constitution. *Am. Compl.* ¶ 21. Since all of these claims require state action, and there is no state actor in this suit, Plaintiff presents no cognizable claim pursuant to these constitutional provisions. *See Sanders v. Prentice-Hall Corp.,* No. 97-6138, 1999 WL 115517, at *2 (6th Cir. Feb. 8, 1999) (unpublished opinion). Plaintiff also lists various federal statutes in his Complaint, *See ECF No. 1* ("Compl."), at 1, but does not discuss the application of any of these statutes in the body of his pleading or re-assert them in his amended complaint. Plaintiff also presents a claim under 42 U.S.C. § 1985(3) and § 1986. *Am. Compl.* ¶ 1. However, he has not alleged any racial or otherwise class-based, invidiously discriminatory animus behind the individual union

officials' actions, as required by § 1985(3).  *Maki v. Laakko,* 88 F.3d 361, 367 (6th Cir. 1996).  "Without a violation of § 1985(3), there is no violation of § 1986."  *Cochran v. Nelson,* No. 96-3980, 1998 WL 69034, at *2 (6th Cir. Feb. 9, 1998) (unpublished opinion).  Finally, Plaintiff alleges in his response brief that he "has a course for relief thr[ough the] Equal Pay Act[,] 29 U.S.C. [§] 206(d)."  *ECF No. 9, Plaintiff's Motion in Opposition,* ("Response"), at 3.  Plaintiff alleges this claim for the first time in his response brief and in any event does not allege that he was paid at a lower rate than similarly situated women, as required by statute.  *See Clark v. Johnson & Higgins,* No. 97-4233, 1999 WL 357804, at *4 (6th Cir. May 28, 1999) (unpublished opinion); *Jones v. Boeing Co.,* 109 F. App'x 821, 822 n.2 (8th Cir. 2004) (unpublished opinion).

The named Defendants[5] moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of immunity.  *ECF No. 6, Attach. 1, Mem. Supp. Mot. Dismiss* ("Defs.' Mot."), at 11.  Defendants correctly note that this Court may take judicial notice of the agency filings and decisions without converting Defendants' motion into one for summary judgment.  *Defs.' Mot.,* at 4 n.2; *New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice."); *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999) (when ruling on a Rule 12(b)(6) motion, courts may consider "public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies"), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002).

---

[5] The amended complaint adds at least one hundred unidentified union members and employees of REP.  *See Am. Compl.* ¶ 6.

This Court also takes judicial notice of the affidavit attached to Plaintiff's response brief.  *See Response, Exh. 1, Affidavit.*  Defendants refer to this affidavit in their reply brief, *see ECF No. 10, Reply,* at 4-5, and there is no reason to believe Plaintiff would object to the taking of judicial notice of this material as he himself attached the document in support of his claim.

## II.

In determining whether a complaint states a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint liberally in a light most favorable to the non-moving party, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), and accept as true the factual allegations contained in the pleading.  *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).  In considering a Rule 12(b)(6) motion, the Court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action.  *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983).  Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Bloch*, 156 F.3d at 677 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## III.

Plaintiff challenges the conduct of various USW officials for their alleged inadequate representation during the grievance process.  Although Plaintiff does not claim that his allegations arise under national labor relations law, the Court construes the amended complaint as alleging a federal claim against USW officials for breach of the duty of fair representation, a claim arising under the scheme of the National Labor Relations Act.  *See*

*DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 164 (1983); *Morris v. Local 819, Int'l Bhd. of Teamsters*, 169 F.3d 782, 783 (2d Cir. 1999).

Section 301(b) of the Labor Management Relations Act ("LMRA") provides, in pertinent part, as follows:

> Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

29 U.S.C. § 185(b). The U.S. Supreme Court has held that § 301 insulates individual union members from liability for damages arising from their breach of a no-strike clause of a collective bargaining agreement even where the union did not authorize the unlawful conduct. *Complete Auto Transit, Inc. v. Reis,* 451 U.S. 401, 407, 417 (1981); *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 249 (1962), *overruled on other grounds by Boys Market, Inc. v. Retail Clerks Union, Local 770,* 398 U.S. 235 (1970) (holding that when a union is liable for damages for violation of the collective bargaining agreement, its officers and members are not liable for these damages).

Circuit Courts have held that individual union officials are immune from suit for breach of the duty of fair representation. *See, e.g., Morris,* 169 F.3d at 784 (section 301 and case law provide a shield of immunity for individual union members in such suits); *Carter v. Smith Food King*, 765 F.2d 916, 920-21 (9th Cir. 1985) (section 301 provides the basis for an action for breach of the duty of fair representation against the union but not union officials); s*ee also Montplaisir v. Leighton,* 875 F.2d 1, 4 (1st Cir. 1989) ("The [Supreme] Court has long held that 'union agents' are not personally liable to third parties for acts performed on the union's behalf in the collective bargaining process").

In light of the U.S. Supreme Court's rulings in *Atkinson* and *Reis*, the Court agrees with those Circuits that have considered the issue and holds that individual union members are immune from suit for breach of the duty of fair representation.

Apparently recognizing that he cannot sue individual USW officials in the instant case, Plaintiff requests the Court to transform his case into an action against USW.[6] *Response,* at 1, 3.

Pursuant to Federal Rule of Civil Procedure 21, "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."[7] Since Rule 21 empowers district courts to exercise their discretion to drop a misjoined party from a lawsuit *sua sponte*, *Letherer v. Alger Group, L.L.C.,* 328 F.3d 262, 266-67 (6th Cir. 2003), it follows from the language of the Rule that a district court may also join a party whose presence is essential to the case. *See Truncale v. Universal Pictures Co.,* 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("[Rule 21] is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable . . . .").

---

[6]In addition to money damages, Plaintiff's Amended Complaint sought declaratory and injunctive relief against the individual USW officials. *Am. Compl.* at 2, 8. As Plaintiff has requested this Court to allow him to drop the individual Defendants from the instant action, *see Response,* at 1, the Court need not address whether Plaintiff is barred from seeking equitable relief from the named Defendants.

[7]Rule 25, which allows for the substitution of parties under certain limited circumstances, does not apply to the case at bar as Plaintiff does not claim that there is a death, incompetency, transfer of interest, or a change in public official. *See* FED. R. CIV. P. 25.

However, this Court's discretion to join parties under Rule 21 is not unlimited. *See, e.g., Bradbury Co. v. Teissier-duCros*, 231 F.R.D. 413, 415-16 (D. Kan. 2005) (declining to exercise discretion to join party under Rule 21 where counter-defendant seeking to be joined as a plaintiff failed to show why such joinder would be just). Particularly, "[c]ourts have refused to . . . join defendants on claims which could not withstand motions to dismiss or for summary judgment." *Macdermid, Inc. v. Deveco Corp.,* No. 84 C 10708, 1986 WL 4999, at *2 (N.D. Ill. Apr. 21, 1986) (unreported opinion) (citing *Gonzalez v. Leonard,* 497 F.Supp. 1058, 1077 (D. Conn. 1980). In *Gonzalez,* the district court denied plaintiffs' motion to join additional defendants under Rule 20 where the motion was "apparently designed" only to permit the plaintiffs to assert against the putative defendants the same claims which were previously asserted (and dismissed on summary judgment) against the existing defendants. *Id.* at 1076. The court exercised its discretion to deny the motion "insofar as it seeks to join defendants on claims which would, on the basis of the legal conclusions reached today on the motions for summary judgment, surely fail." *Id*. at 1077 (also denying the motion in the interests of avoiding undue delay (finding that the case had been pending for four years) and needless expense to the parties already before the court). The court proceeded to assess the motion to join additional parties in light of the law already applied to the summary judgment motions on each of the claims asserted against the existing defendants, and found that the claims against the putative defendants would not survive motions for summary judgment or were otherwise untenable. *Id*. at 1077-78.

Ordinarily, the joinder of USW under Rule 21 would be just in this case as it appears that Plaintiff simply named the wrong Defendant in his complaint. USW was properly named in the EEOC and NLRB complaints, and the EEOC's right to sue letter permitted Plaintiff

-9-

to file suit against USW. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (construing *pro se* pleadings liberally); *Berndt v. Tennessee*, 796 F.2d 879, 882-83 (6th Cir. 1986) (allowing *pro se* plaintiff who named the wrong defendants in his complaint to amend his pleading where the plaintiff raised substantially cognizable claims); *see also Torockio*, 51 F.R.D. at 517 (allowing the joinder of a union as a defendant under Rule 21 where request was made by a co-defendant).

Under the circumstances presented here, the Court is reluctant to drop the named defendants and to join USW because Plaintiff's claim against USW would likely be barred by the doctrine of issue preclusion. Under certain circumstances, a party may be foreclosed from re-litigating an issue decided in a prior administrative proceeding. *NLRB v. Master Slack and/or Master Trousers Corp.,* 773 F.2d 77, 81 & n.8 (6th Cir. 1985); *Olchowik v. Sheet Metal Workers' Int'l Ass'n*, 875 F.2d 555, 557 (6th Cir. 1989) (stating, in dicta, that a factual determination by an administrative agency will be binding on a federal court in a subsequent action "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate") (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)).

The Sixth Circuit has set forth a three-pronged test to determine whether the doctrine of issue preclusion bars re-litigation of an issue decided in a previous proceeding. First, the issue presented must be identical to an issue actually decided by another decisionmaker. Second, the Court must determine whether that issue was necessary to the earlier judgment. Third, the party against whom preclusion would operate must have had a full and fair opportunity to litigate the issue. *Olchowik,* 875 F.2d at 557.

All three prongs are easily satisfied. In the case at bar, Plaintiff claims that USW failed to adequately represent him during the grievance process. The NLRB decided this very issue on two separate occasions. *See March 8, 2005 NLRB Decision,* at 1 (finding that USW's refusal to pursue grievances was not based upon improper considerations); *ECF No. 6, Exh. C, NLRB Office of Appeals Letter of Sept. 23, 2005,* at 1 (finding that USW did not breach its duty of fair representation).

With respect to the second prong of the *Olchowik* test, the Sixth Circuit has stated that "[a] factual issue is 'necessarily decided' if its determination was necessary to support the judgment entered in the prior proceeding." *Master Slack & Master Trousers Corp.*, 773 F.2d at 81. Whether USW's decision not to pursue Plaintiff's employment-related grievances was made in good faith or based upon improper considerations was necessary and essential to support the NLRB's judgments that USW did not breach its duty of fair representation.

Finally, Plaintiff was given a full and fair opportunity to litigate his claims before the NLRB. Plaintiff has previously raised allegations that USW breached its duty of fair representation. The NLRB examined this claim twice and determined that there was insufficient evidence that USW acted improperly in deciding not to pursue Plaintiff's grievances. Plaintiff was twice given the opportunity to appeal the NLRB decisions, and appealed both rulings. There is nothing in the record that indicates that Plaintiff was ever denied the opportunity to fully litigate his claim before the NLRB.[8] In fact, Plaintiff attaches to his response brief a copy of an affidavit that was apparently taken by an NLRB agent in which he explains in detail the facts

---

[8]Plaintiff of course had the right to file an appeal of either or both of the NLRB decisions with the appropriate federal Circuit Court of Appeals. *See* 29 U.S.C. § 160(f).

-11-

underlying his claim against USW. *See Response, Exh. 1, Plaintiff's Affidavit of June 23, 2005*. This affidavit contradicts Plaintiff's claim that the EEOC and the NLRB "didn't handle the investigations to there [sic] fullest [and] they relied on the company and the union totally and did not talk to him at all to confirm any of there [sic] findings." *Response,* at 2. The case caption on this affidavit matches the case caption for Plaintiff's second NLRB charge, the affidavit was signed by Plaintiff and the NLRB agent on June 23, 2005 (one week before the NLRB issued a letter dismissing Plaintiff's second charge), and the affidavit itself references the first NLRB charge as a "previous[ly filed] charge" against USW. *Id.* at 1. Based on these facts, it appears that this affidavit was taken in connection with Plaintiff's second NLRB charge. Under these circumstances, the Court finds that Plaintiff was accorded a full and fair opportunity to litigate the instant claim before the NLRB.

Accordingly, were the Court to substitute USW for the individual Union Officials, the case would likely be barred by the application of res judicata. Under these circumstances, the Court declines to substitute defendants pursuant to Rule 21. Plaintiff requests an opportunity to conduct discovery to respond to Defendants' motion, *Response,* at 1, and requests the appointment of expert witnesses "in the field of Union protocol" as well as an investigation by the FBI, *Am. Compl.* ¶ 17. These requests are denied in light of the Court's holding. However, should Plaintiff re-file this case against USW, the Court directs Plaintiff at the time the case is filed to demonstrate why his claim is not barred by res judicata.[9]

---

[9]To the extent Plaintiff requests appointment of counsel, *see Compl.* at 3, he did not renew this request in his amended complaint. Furthermore, Plaintiff does not show that the circumstances in this case warrant the appointment of counsel. The Sixth Circuit has held that the assistance of court-appointed counsel "is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane,* 992 F.2d 601, 606 (6th Cir.1993) (civil litigant does not have a constitutional right to court-appointed counsel); *see also* 28 U.S.C. § 1915(e)(1) ("The court may request an

-12-

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss **(ECF No. 6)** is **GRANTED** and the case is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster    3/2/2006*
**Dan Aaron Polster**
**United States District Judge**

---

attorney to represent any person unable to afford counsel.").

> In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." This generally involves a determination of the "complexity of the factual and legal issues involved." Appointment . . . is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim.

*Lavado,* 992 F.2d at 606 (citations omitted). The nature of this case is not complex, and Plaintiff's claims have already been decided by the NLRB in a final agency decision. Accordingly, the Court denies Plaintiff's request for counsel.